Ousman MBOWE, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 08–70996.

United States Court of Appeals, Ninth Circuit.

Submitted June 3, 2009.*

Filed June 19, 2009.

Patrick Ontiveros Cantor, Esquire, Buttar & Cantor, LLP, Tukwila, WA, for Petitioner.

Carl Henry Mcintyre, Jr., Assistant Director, Francis William Fraser, I, Esquire, Senior Litigation Counsel, OIL, DOJ–U.S. Department of Justice, Linda Y. Cheng, United States Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: CANBY, THOMPSON and CALLAHAN, Circuit Judges.

MEMORANDUM **

Appellant Ousman Mbowe, a native and citizen of The Gambia and a former sol-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dier in the Gambian military, petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The IJ and the BIA denied relief on the ground that Mbowe's testimony was not credible. Mbowe asserted past persecution and a fear of future persecution on account of imputed antigovernment opinions and his suspected participation in a coup attempt.

We review adverse credibility findings under the substantial evidence standard. *Rivera v. Mukasey*, 508 F.3d 1271, 1274 (9th Cir.2007). Credibility findings will be upheld unless the evidence compels a contrary conclusion. *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003). As long as one of the identified grounds underlying an adverse credibility finding is supported by substantial evidence and goes to the heart of the claim of persecution, we are bound to uphold that finding.[1] *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004). Because the IJ's decision was supported by substantial evidence, we deny the petition for review.

Mbowe testified that he was held and severely beaten over a period of four days after he reported that his military-issued AK–47 rifle was stolen from his home. He also stated that during this time his captors accused him of having participated in a coup attempt one year earlier. Mbowe further testified that, at the conclusion of this beating, he was released without any supervision and told to report to "headquarters" later that day. When questioned by the IJ as to why his captors would permit Mbowe to leave and return on his own volition, he stated it was be-

cause they "trusted" him due to his many years of military service. Both the IJ and the BIA found this explanation to be "inherently implausible," and we agree. Common sense indicates that if Mbowe were truly suspected of having been involved in active military insurrection and had been severely beaten for four days because of those activities, he would not have been released to report to his superiors on the basis of "trust." We reject Mbowe's contention that the IJ's reasoning amounts to an inappropriate degree of "speculation" as applied to Mbowe's facially implausible account. *See Wang v. INS*, 352 F.3d 1250, 1258 (9th Cir.2003) ("Speculation and conjecture may not substitute for substantial evidence, but an IJ need not ignore palpable inconsistencies in a petitioner's testimonial and documentary evidence that directly undermine his allegations of persecution.") (internal quotation marks and citation omitted).

We also agree with the IJ that Mbowe's repeated reentry into The Gambia after fleeing to Senegal significantly undermines his claim that he feared for his life in The Gambia. Mbowe's explanation for his return to The Gambia was inconsistent and confused, but he ultimately claimed that he had twice returned to The Gambia after fleeing, once to receive a Gambian government passport under his own name, and once more to leave The Gambia for the United States. Mbowe's only explanation for this repeated return was that his "agent" had made arrangements to leave from The Gambia. Mbowe's use of his own name in reporting to the Gambian government for a passport and his repeated return to that country are facially

---

1. Section 101(a)(3) of the REAL ID Act of 2005 eliminates the requirement that a basis for an adverse credibility finding must go to the heart of an immigrant's claim of persecution. 8 U.S.C. § 1158(b)(1)(B)(iii). However, because Mbowe filed his application for relief before May 11, 2005, this provision does not apply. *See In Re S–B–*, 24 I. & N. Dec. 42 (BIA 2006).

inconsistent with his claim that he feared for his life from that same government.

For both of these reasons, the IJ's adverse credibility determination was supported by substantial evidence. Because Mbowe's CAT claim is based on the same testimony the IJ found not credible, and Mbowe does not point to any other evidence which shows it is more likely than not that he will be tortured, his CAT claim also fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 11157 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**